UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATA KUREK and CHRISTIAN KUREK,<br><br>      Plaintiff(s),<br><br>  v.<br><br>COUNTRYWIDE HOME LOANS, INC., et al.,<br><br>      Defendant(s). | No. C 09-4307 BZ<br><br>**ORDER DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS** |

Before the Court are two motions to dismiss plaintiffs' second amended complaint, one filed by defendants BAC Home Loans Servicing, LP (formerly Countrywide), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Recontrust Company, N.A. (collectively "the Countrywide defendants") and one filed by defendant Anna Wodkowska. Doc. Nos. 44, 46. For the following reasons, the motions are **DENIED IN PART AND GRANTED IN PART.**

Dismissal pursuant to Rule 12(b)(6) is appropriate if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face," such that a right to relief is raised "above the speculative level." Bell

1

Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570, (2007). When evaluating a motion to dismiss, the court accepts the facts as stated by the nonmoving party and draws all reasonable inferences in its favor. See Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994). The Court may also rely on documents which are alleged in the complaint and are properly the subject of judicial notice. See U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). All facts as alleged in the complaint must be accepted as true.

The Countrywide defendants first move to dismiss the entire complaint because plaintiffs did not allege proper tender, citing no controlling authority that tender is required at this stage. The cases cited by the Countrywide defendants require tender where a plaintiff alleges some procedural irregularity in a foreclosure proceeding.[1] The bulk of the cases cited in the reply did not address whether tender is required where a plaintiff alleges a substantive irregularity as plaintiffs have done here by alleging their signatures were forged on the underlying loan documents.[2]

---

[1] To the extent Saldate v. Wilshire Credit Corp., 686 F.Supp.2d 1051 (E.D. Cal. 2010) holds differently, that case relied on cases requiring tender where procedural irregularities were alleged and did not analyze this issue presumably because the motion to require tender was unopposed. In any event, that ruling is not binding on this Court and does not appear to have been followed on this point.

[2] Contrary to the Countrywide defendants' position raised at oral argument, Rosal v. First Federal Bank of Calif., 671 F.Supp.2d 1111 (N.D. Cal. 2009) does not stand for the proposition a plaintiff must tender even when attacking the validity of an underlying debt. That case relied upon cases which require tender when the plaintiff alleges a procedural irregularity, but does not speak to situations where a plaintiff properly alleges that a loan was fraudulently

2

1  "A tender may not be required where it would be inequitable to
2  do so . . . . Also, if the action attacks the validity of the
3  underlying debt, a tender is not required since it would
4  constitute an affirmative of the debt." Onofrio v. Rice, 55
5  Cal. App. 4th, 413, 424 (1997) quoting 4 Miller & Starr, Cal.
6  Real Estate (2d ed. 1989) Deeds of Trust & Mortgages, § 9:154,
7  p. 508-512. Here, plaintiffs contest the validity of the
8  underlying debt and tender is therefore not required.

In any event, "a trial judge ha[s] the discretion to condition rescission on tender by the borrower of the property of the property he has received from the lender." Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003). (internal citations omitted). The judge's discretion is dependent upon "the equities present in a particular case, as well as consideration of the legislative policy." Id. (internal citations omitted). Because of the seriousness of the fraud and forgery allegations present here, to dismiss the claim for failure to allege tender at this moment would be premature.

The Countrywide defendants next move to dismiss the third cause of action because it "fails to specify which defendants are responsible for which alleged wrongful acts and thus fails to state a cause of action against moving parties."[3]

---

consummated. Id. at 54. Edejer v. DHI Mortgage Co., 2009 U.S. Dist. Lexis 52900 (N.D. Cal. 2009) is similarly distinguishable as the pro se plaintiff in that case neither alleged that the underlying note was forged nor opposed the motion to dismiss.

[3] The Third Cause of Action seeks relief "BASED ON FRAUDULENT MISREPRESENTATION/CONCEALMENT AGAINST DEFENDANTS WODKOWSKA AND AMERITECH AND NEGLIGENT

3

1   Plaintiffs respond by stating that the third claim is not
2   directed at any of the moving parties, a statement that is
3   contradicted by the text of the complaint.  To the extent that
4   the Countrywide defendants' motion is unopposed, the third
5   cause of action is **DISMISSED** as to defendants MERS and BAC
6   Home Loans Servicing, LP.

7   Both motions to dismiss argue that the TILA claims fail
8   because plaintiffs cannot credibly allege that the subject
9   loan was for primarily personal, family or household purposes.
10  However, the complaint states that "most of the funds obtained
11  through the refinancing of the Subject Property were used to
12  help them survive and pay for their living, family and
13  household expenses."  Compl. ¶. 15.  A challenge to the
14  factual validity of that statement is properly made by a
15  summary judgment motion, not a 12(b)(6) motion.

16  All defendants move to dismiss the TILA damage and
17  rescission claims because they were not filed within the
18  applicable statute of limitations.  Plaintiffs admitted as
19  much, but argue that the claims should be subject to equitable
20  tolling.  "The limitations period in [TILA] runs from the date
21  of consummation of the transaction but the doctrine of
22  equitable tolling may, in the appropriate circumstances,
23  suspend the limitations period until the borrower discovers or
24  had reasonable opportunity to discover the fraud or
25  nondisclosures that form the basis for the TILA action."  King
26  v. State of Calif., 784 F.2d 910, 915 (9th Cir. 1986).  I find

28  MISREPRESENTATION/CONCEALMENT AGAINST DEFENDANTS MERS, CHL, AND DOES 1-30."  Second Amended Complaint p. 13.

4

that the complaint adequately states grounds for equitably tolling the statute of limitations of the damage claim. See Galindo v. Financo Financial, Inc., 2008 WL 4452344, 4 (N.D.Cal.,2008) (finding equitable tolling appropriate where the borrower was unable to read and relied on the oral representations of the lender). Here the complaint alleges that plaintiffs were never given any of the required TILA disclosures, and that the borrower plaintiffs did not speak much English and relied on the representations of Wodkowska. Plaintiffs allege that they did not know of the lack of TILA disclosures until April of 2009, five months before filing suit in this case.

Wodkowska argues that the operative date for determining when the statute runs is at the consummation of the financing. That is correct; however, the running of that date is subject to equitable tolling. Wodkowska also argues that the plaintiffs did not exercise due diligence in uncovering any potential TILA violations. This argument has some merit, but is not ultimately persuasive. Based on the complaint, the plaintiffs knew that they had not received their loan documents well in advance of filing this suit. The complaint states that Wodkowska "repeatedly refused" to provide the documents. Compl. ¶ 17. Thus, plaintiffs had notice of a TILA violation much earlier than April 2009. However, it was not until the plaintiffs actually received their loan documents that they became aware of the depth of the misrepresentations and lack of disclosures that give rise to their current TILA claims. Any contention that Wodkowska's

conduct was sufficient to put plaintiffs in a position where they should have discovered the fraud earlier, is best dealt with on summary judgment.

Though the complaint is sparse with regards to specific dates, I find that the allegations that the loan was never authorized or consummated by the plaintiffs set this case apart from other cases where the plaintiffs knowingly entered into lending contracts. The motions to dismiss the fourth cause of action are **DENIED**.

Defendants also move to dismiss the fifth cause of action, for rescission under TILA. The right of rescission may last up to three years depending on when or if a lender delivers a statement containing the requisite TILA disclosures. Hefferman v. Bitton, 882 F.2d 379, 383 (9th Cir.1989). However, the right of rescission is completely extinguished after three years from the date of the loan's consummation. 15 U.S.C. § 1635(f); Beach v. Ocwen Federal Bank, 523 U.S. 410, 417-18 (1998). Equitable tolling does not apply to an action for rescission under TILA. See Mays v. U.S. Bank Nat. Ass., 2010 WL 318537, 4 (E.D.Cal. 2010) and cases cited therein. Here, plaintiffs sent a notice of rescission to defendants within the three year period, and commenced suit within one year of giving notice. Compl., Ex. G. The TILA rescission claim is therefore timely. Miguel v. Country Funding Corp., 309 F.3d 1161, 1165 (9th Cir. 2002) (explaining that plaintiffs have one year to file suit "once cancellation has been wrongly refused"). The motions to dismiss the fifth cause of action are **DENIED**.

6

1 **IT IS ORDERED** that the **third** cause of action is **DISMISSED**
2 as to defendants MERS and BAC Home Loans Servicing, LP.  The
3 motions to dismiss the remaining causes of action are **DENIED**.
4 Defendants **SHALL** file answers by **August 10, 2010**.
5 Dated: July 26, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\KUREK V. COUNTRYWIDE\ORDER DENYING DEF'S MOT TO DISM SAC v 2.wpd